

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# USA v. Neil

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Neil" (2005). *2005 Decisions.* Paper 940.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/940

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1745

UNITED STATES OF AMERICA

v.

HARRY NATHANIEL NEIL,
                                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court Crim. No.: 01-139
District Judge: The Honorable Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2005

_____

Before: NYGAARD, SMITH, and FISHER, *Circuit Judges*

(Filed: June 30, 2005 )

_____

OPINION

_____

SMITH, *Circuit Judge.*

Harry Neil appeals his conviction by a jury of two counts of the tax offense of

possessing unregistered firearms. 26 U.S.C. § 5861(d). Specifically, Neil contends that

the jury instruction impermissibly removed from the jury's consideration the determination whether the devices in question – a retrofitted hand grenade and a portion of a commercial-grade firework attached to a brick – were "destructive devices," and thus "firearms," as the term is defined in the relevant statute, 26 U.S.C. § 5845(a), (f). We will affirm the conviction, but remand for resentencing under *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005).[1]

Because we write solely for the parties, we proceed directly to our analysis.

Neil was convicted following a retrial. He first argues that because he objected to the jury instruction used in the first trial, which was before the same District Judge, it would have been futile to object to the same instruction in the second trial. Thus, Neil contends that this Court's review of the jury instruction is plenary.

Rule 30 of the Federal Rules of Criminal Procedure provides the standard for preserving an objection to a jury instruction:

> A party who objects to any portion of the instruction or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. ... Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).

F. R. CRIM. P. 30(d).

Reviewing the jury charge colloquy between the District Court, the prosecutor, and

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court's jurisdiction is pursuant to 28 U.S.C. § 1291.

defense counsel, it is evident that the objection was not preserved in the first trial, rendering Neil's futility argument a nonstarter. Defense counsel's stated concerns in tepidly requesting that nearly the entirety of § 5845 be included in the jury instruction were "purely to be complete" and to avoid confusion among the jurors because the case involved devices which "[are] not firearms in the ordinary sense of the word." Counsel never advanced the theory that the devices did not meet the statutory definition, and nothing in the record offers the least suggestion that the District Court would have disallowed counsel from defending on that ground. Neil cannot now cherry pick the record for random statements from which one could, with imagination, divine that he objected to the jury instruction. *See Palmer v. Hoffman*, 318 U.S. 109, 119 (1943) ("In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error."); *United States v. Jake*, 281 F.3d 123, 130 (3d Cir. 2002) ("Defense counsel now attempts to parlay the sidebar colloquy into an objection that he could have raised at sidebar, but didn't."). Because counsel did not object with sufficient specificity to satisfy Rule 30(d), our review is for plain error under Federal Rule of Criminal Procedure 52(b).

To be plain error under Rule 52(b),

> There must be an "error" that is "plain" and that "affect[s] substantial rights." Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

3

*United States v. Olano*, 507 U.S. 725, 732 (1993) (citations omitted).

Neil focused his entire defense on the question of whether he possessed the devices, not whether the devices fit the statutory definition. Among the qualifiers to the "destructive device" definition, the statute excludes "any device which is neither designed nor redesigned for use as a weapon." 26 U.S.C. § 5845(f). The record does not definitively reveal why Neil did not argue at trial that the devices were not "designed for use as weapons," and we have rejected Neil's contention that it was the District Court's fault.[2]

The Circuits are divided over whether the limiting language constitutes an element of the offense or an affirmative defense,[3] but we need not add this Court's voice to that debate here. Even assuming that the qualifying language is an element of the offense, which would ordinarily constitute plain error, *United States v. Xavier*, 2 F.3d 1281, 1287 (3d Cir. 1993), we will decline to exercise our plain error discretion. *See United States v. Haywood*, 363 F.3d 200, 207 (3d Cir. 2004) (noting that this Court has not adopted a per se rule that omitting an element of an offense from a jury instruction is plain error).

Given the nature of the devices in question, the "fairness, integrity or public

---

[2] The record suggests that narrowing the defense was a strategic choice by defense counsel.

[3] *Compare, e.g., United States v. Hammond*, 371 F.3d 776, 780 (11th Cir. 2004) (whether a device was designed for use as a weapon is an element of the offense), *with United States v. Beason*, 690 F.2d 439, 445 (5th Cir. 1982) (treating the statutory exceptions as affirmative defenses).

reputation of judicial proceedings" are not in jeopardy. Neil's counsel may have decided

not to distract attention from his possession-based defense by arguing the devices did not

meet the statutory definition, a defense he could have rationally determined had little

chance of success. *See Lewis v. Mazurkiewicz*, 915 F.2d 106, 114 (3d Cir. 1990) (noting

that "courts should allow for very broad latitude for strategic choices" made by defense

counsel). If, instead, counsel did not press for including the qualifying language in the

jury instruction because the defense did not occur to him before closing arguments, this

would indicate that the devices so obviously fit the statutory definition of "destructive

devices" that not including the qualifying language in the jury instruction was a nominal

mistake. *See United States v. Wolfe*, 245 F.3d 257, 264 (3d Cir. 2001) (finding no plain

error where the district court failed to instruct the jury as to an element of the offense,

when the issue was never raised at trial and the evidence in support of the element was

uncontroverted). Whatever the reason was for not asserting that the devices the jury

found to be in Neil's possession were excluded from the statutory definition, we are

confident that the jury would have convicted Neil had the instruction included the

qualifying language. Thus, the jury instruction which omitted the qualifying language did

not constitute plain error.

**Neil's Sentence**

In response to this Court's March 9, 2005 "*Booker* order," Neil argues that judicial

fact finding and the concomitant increases in his sentence were precluded under *Blakely*

*v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004). On *Blakely*'s heels, the Supreme Court decided *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). There, the Supreme Court determined that the Guidelines were only advisory, not mandatory.

Having determined that the sentencing issues Neil raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.